UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Fernando Cefaliello, | ) | CASE NO: 5:16CV891 |
|---|---|---|
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER AND DECISION** |
| Giuseppina Serpico, | ) | |
| | ) | (Resolving Doc. 5) |
| Defendant. | ) | |

Pending before the Court is a motion to dismiss filed by Defendant Giuseppina Serpico.  Doc. 5.  The motion is DENIED.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing

that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts and Analysis**

Herein, Plaintiff Fernando Cefaliello brings a complaint pursuant to the Hague Convention. Specifically, Plaintiff contends that he is an Italian citizen and that his now ex-wife is a dual citizen of Italy and the United States. The parties were married and had a child in Naples, Italy who was born on January 26, 2012. In November 2013, the parties moved to Summit County, Ohio. Plaintiff entered the country on a tourist visa and thereafter did not obtain a green card. As a result, Plaintiff was required to leave the country in May 2014. Defendant and the minor child did not return to Italy. In December 2014, Plaintiff initiated proceedings the Italian Central Authority to gain

access to the minor child. The parties were unable to reach a resolution through those proceedings.

On November 4, 2015, Defendant filed for divorce in Summit County Domestic Relations Court. On February 25, 2016, the state court granted Defendant an uncontested divorce. The decree allowed Plaintiff visitation rights with the minor child but required that those rights be exercised exclusively in the United States. On April 15, 2016, Plaintiff filed this Hague Convention act seeking meaningful access to the minor child.

Defendant seeks to dismiss this action under one legal argument – that the state domestic relations court is the proper jurisdiction and venue to determine all of the parties' parenting issues. This Court disagrees.

While not providing the Court any legal argument or precedent, Defendant appears to assert that either some form of abstention or preclusion should bar the instant complaint. None of those theories supports dismissal. As the Ninth Circuit has noted:

> Section 11603(g) provides that federal courts adjudicating Hague Convention petitions must accord full faith and credit only to the judgments of those state or federal courts that actually adjudicated a Hague Convention claim in accordance with the dictates of the Convention and ICARA:
>
> Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, *pursuant to the Convention, in an action brought under this chapter*.
>
> 42 U.S.C. § 11603(g) (emphasis added); *see also Ostevoll v. Ostevoll*, 2000 WL 1611123, at *18 (S.D.Ohio 2000) ("At the time of the [state] court's [custody] decision, no Hague Petition was before the [state] court, nor did the state court order the return of the children pursuant to the Hague Convention, thus, we are not required under 42 U.S.C. § 11603(g) to accord the decision preclusive effect.").

3

*Holder v. Holder*, 305 F.3d 854, 864-65 (9th Cir. 2002). Furthermore, the Seventh Circuit has held:

> To consider this case moot would encourage the very sort of jurisdictional gerrymandering the Convention was designed to prevent. We note as well that courts faced with similar arguments based on abstention, the *Rooker–Feldman* doctrine, and *res judicata* have held that these doctrines do not deprive the federal courts of jurisdiction to rule on the merits of Convention petitions, either in the first instance or on appeal.

*Walker v. Walker*, 701 F.3d 1110, 1116 (7th Cir. 2012).

This Court reaches the same conclusion. No Hague Petition was adjudicated by the state court, nor is there any indication that the provisions of the Hague Convention were considered when Plaintiff's custody rights were determined. As such, the state court divorce decree is not entitled to preclusive effect.

**IV. Conclusion**

Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.


June 14, 2016                          ____/s/ Judge John R. Adams_____
Date                                      JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT