UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Fernando Cefaliello, | ) | CASE NO: 5:16CV891 |
|---|---|---|
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER AND DECISION** |
| Giuseppina Serpico, | ) | |
| Defendant. | ) | |

The parties reached an agreed judgment in this matter on October 5, 2016. Pursuant to that agreement, Defendant Giuseppina Serpico was to facilitate visitation of the parties' child with Plaintiff Fernando Cefaliello for seven consecutive days in Italy. The parties agree that this visitation was to occur in August of 2017 and that Plaintiff completed all his obligations to facilitate the visit. The visit, however, did not occur. As a result, on November 15, 2017, Plaintiff moved to this Court for an order to require Defendant to show cause why she should not be held in contempt. The Court conducted a hearing on the issue of contempt on January 24, 2018.

After hearing testimony from both parties, it is undisputed that Defendant did not provide the visitation required by the parties' agreed order. While Plaintiff provided ample notice of the travel dates to Italy, Defendant failed to timely renew the child's passport. As a result, visitation could not occur. Moreover, given the nature of Plaintiff's work as a merchant marine, additional visitation options are very limited. Plaintiff attempted to negotiate such time near the Christmas holiday and Defendant

refused. As a result, the next opportunity for visitation will not occur again until August of 2018.

Based upon the evidence presented, there can be no dispute that Defendant willfully violated this Court's order to provide visitation. While Defendant appears to contend that some fault lies with the application process for renewing the child's passport, the fact remains that Defendant was required to ensure that the child could travel and failed to do so.

Herein, the facts do not present in a manner that would allow Defendant to purge her contempt without penalty. She cannot return the visitation time that was wrongfully withheld from Plaintiff. Moreover, she may have had the opportunity to do so over the Christmas holiday and expressly declined to do so. As a result, Plaintiff will go a full additional year without in-person visitation with his child.

As discussed in Court, the undersigned finds the following to be an appropriate sanction for Defendant's contempt. Defendant shall pay a fine of $500. However, given the nature of the proceedings, the fine shall be paid into Plaintiff's counsel's trust account. Once visitation is completed in August of 2018, counsel may release the funds back to Defendant as reimbursement for her travel expenses with the child. The payment to the trust account shall be made within 60 days of this order.

Defendant shall also pay the costs associated with the show cause hearing. Plaintiff's counsel shall submit a declaration detailing those costs within seven days of this order. If the Court finds those costs reasonable, the Court will determine a timeline for their payment by Defendant.

Defendant shall also make the child available for visitation with Plaintiff in Italy in August pursuant to Plaintiff's availability. If that availability remains August 7, 2018 through August 20, 2018, then visitation SHALL occur on those dates. Visitation shall not be shortened due to Defendant's work schedule. Moreover, if an **earlier** time frame becomes available, Defendant shall cooperate in good faith with Plaintiff to provide visitation during that earlier time.

If all the above conditions are satisfied, Defendant's contempt shall be deemed purged.

IT IS SO ORDERED.


February 21, 2018                  /s/ *Judge John R. Adams*
Date                                     JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT COURT